**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC BARTOLI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:24-276 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| COLETTE PETERS, DIRECTOR, BOP, | ) | |
| et al. | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM OPINION</u>**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 8) filed by Eric Bartoli ("Petitioner") under 28 U.S.C. § 2241. For the reasons below, the Court will deny the petition.

## I.     Relevant Background

Petitioner is a federal prisoner in the custody of the Bureau of Prisons ("BOP"), which houses him at FCI Loretto. He is serving a sentence imposed following his convictions of conspiracy, sale of unregistered securities, attempted income tax evasion, wire fraud, and mail fraud. *United States v. Bartoli*, 5:03-cr-387 (N.D. Ohio).

Petitioner was originally sentenced on November 9, 2016, but his subsequent motion to vacate the sentence was granted. On February 29, 2020, he was transferred to the custody of the United States Marshals Service ("USMS"), and remained in USMS custody until February 10, 2022, when he was returned to BOP custody after resentencing. However, that new sentence was subsequently vacated, and Petitioner was again transferred to the custody of the USMS for

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

resentencing from November 3, 2023, to December 15, 2023. He was then returned to BOP custody.

Petitioner initiated the instant litigation by lodging a petition in this Court on November 20, 2024. (ECF No. 1.) This petition was subsequently filed. (ECF No. 8.) In the petition, Petitioner challenges the way in which the BOP is calculating his federal sentence, contending that it has refused to award him First Step Act ("FSA") Earned Time Credits ("ETCs") as required by law for the time periods during which he was in the custody of the USMS.[2] Petitioner also filed supplements to his petition. (ECF Nos. 11, 15.) Respondents then filed an answer (ECF No. 16), and Petitioner filed a reply. (ECF No. 20.)

The Petition is ripe for review.

## II.    Analysis

### A.    Legal Standard

In order to obtain habeas relief, Petitioner has the burden of demonstrating that he "is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). Section 2241 confers habeas jurisdiction upon a federal prisoner's custodial court to hear challenges to BOP decisions that potentially affect the duration of his custody. *See*, *e.g.*, *Queen v. Miner*, 530 F.3d 253, 254 (3d Cir. 2008); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990); *see also Dababneh v. Warden Loretto FCI*, 792 Fed. Appx. 149, 150 n.2 (3d Cir. 2019).

### B.    Petitioner's Claim

Under the FSA, an eligible prisoner "who successfully completes evidence-based recidivism reduction [("EBRR")]programming or productive activities [("PAs")], shall earn time

---

[2] To the extent Petitioner also makes claims concerning telephone privileges, housing assignments, or commissary, (ECF No. 11), such challenges, which do not affect the fact or duration of Petitioner's prison sentence, may not be entertained in this habeas action. *See Viola v. Warden Lewisburg USP*, 825 Fed. Appx. 63, 64 (3d Cir. 2020).

credits" towards his or her sentence. 18 U.S.C. § 3632(d)(4)(A). Petitioner asserts that the BOP has improperly refused to award him ETCs for the periods of time when he was in the custody of the USMS[3] despite the fact that while he was in USMS custody, he engaged in "productive activities," namely, "the library, law library, church, recreation, working out, tutoring, and work." (ECF No. 20 at 7.)

Respondents argue that while Petitioner was in USMS custody, and not in BOP custody, he was not "successfully participating" in BOP-recommended programming, and as a result, is not entitled to ETCs for that time. (ECF No. 16 at 10-11.) Respondents are correct.

The relevant regulation provides, in pertinent part:

(c) Successful participation.

(1) An eligible inmate must be "successfully participating" in EBRR Programs or PAs[4] to earn FSA Time Credits for those EBRR Programs or PAs.

(2) "Successful participation" requires a determination by Bureau staff that an eligible inmate has participated in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular EBRR Program or PA.

…

(4) An eligible inmate, as described in paragraph (d) of this section, will generally not be considered to be "successfully participating" in EBRR Programs or PAs in situations including, but not limited to:

…

(iii) Temporary transfer to the custody of another Federal or non-Federal government agency ( e.g., on state or Federal writ, transfer to state custody for service of sentence, etc.).

28 C.F.R. § 523.41.

---

[3] Petitioner did accrue time credits during his time in FCI Loretto. (ECF No. 16-1 at 3.)

[4] The regulation defines a PA as "a group or individual activity that allows an inmate to remain productive and thereby maintain or work toward achieving a minimum or low risk of recidivating." 28 C.F.R. § 523.41(b).

Pursuant to this regulation, an inmate on temporary transfer to another federal agency on a federal writ, like Petitioner was when he was in USMS custody, is generally not considered to be "successfully participating" in the approved programs.

Further, "successful participation" means participation in programming **recommended by the BOP** based on the inmate's individualized risk and needs assessment. Petitioner does not assert that his purported productive activities while in USMS custody were recommended by the BOP.[5] *See Vinayak Patel v. Greene*, Civil A. No. 3:25-2483, 2026 WL 907589 (M.D. Pa. April 2, 2026) (finding the petitioner was not entitled to FSA time credits for the period when he was outside of a BOP facility and thus not participating in BOP-approved programming). Finally, although Petitioner asserts that the BOP regulations in this area conflict with the FSA, e.g., that the FSA contains no language concerning a writ (ECF No. 20 at 6), he falls well short of demonstrating any conflict, and at any rate, this argument is unpersuasive.

Accordingly, because Petitioner has failed to demonstrate that he is entitled to the ETCs he was denied, he is not entitled to habeas relief.[6]

## III.    Conclusion

For these reasons, the Court will deny the petition.

An appropriate Order follows.


April 9, 2026                                        /s/ Patricia L. Dodge
                                                     PATRICIA L. DODGE
                                                     United States Magistrate Judge

---

[5] In fact, as Respondents note, Petitioner has not provided any evidence that he "participated in necessary programming to earn FSA time credits while he was in the custody of the Marshals Service for purposes of resentencing. . .." (ECF No. 16 at 11.)

4